UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON MACALLISTER,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA PUBLIC EMPLOYEES' RETIREMENT SYSTEM,<br><br>Defendant. | No. 2:24-cv-2804-DAD-CKD (PS)<br><br><br>ORDER |

Plaintiff Don Macallister proceeds without counsel[1] on a civil complaint seeking damages and injunctive relief against California Public Employees Retirement System ("CalPERS"). Plaintiff requests to proceed in forma pauperis and makes the showing required by 28 U.S.C. § 1915 in the renewed application. (ECF No. 4.) Plaintiff's renewed application to proceed in forma pauperis is granted.

Plaintiff's complaint is before the court for screening. (ECF No. 1.) The complaint must be dismissed because it fails to establish the court's subject matter jurisdiction. If plaintiff cannot establish the court's subject matter jurisdiction, then this suit belongs in state court. Plaintiff is granted leave to file an amended complaint within 30 days of the date of this order.

---

[1] Because plaintiff proceeds without counsel, this action is referred to the undersigned by Local Rule 302(c)(21) pursuant to 28 U.S.C. § 636.

1

## I. SCREENING REQUIREMENT

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). In performing this screening, the court liberally construes a pro se plaintiff's pleadings. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987).

In addition, courts are required sua sponte to examine jurisdictional issues. Molski v. Arby's Huntington Beach, 359 F. Supp. 2d 938, 943 (C.D. Cal. 2005) (citing B.C. v. Plumas Unified School District, 192 F.3d 1260, 1264 (9th Cir. 1999).) Federal courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Insurance Co. Of America, 511 U.S. 375, 377 (1994). The presumption is against jurisdiction and "the burden of establishing the contrary rests upon the party asserting jurisdiction." Vacek v. U.S. Postal Serv., 447 F.3d 1248, 1250 (9th Cir. 2006) (citing Kokkonen, 511 U.S. at 377). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see Franklin v. State of Or., State Welfare Div., 662 F.2d 1337, 1342 (9th Cir. 1981) (court "may dismiss an action sua sponte for lack of jurisdiction").

## II. ALLEGATIONS IN PLAINTIFF'S COMPLAINT

Plaintiff is the CEO of 5 Sec Recharging EVs Inc., and alleges that CalPERS failed to provide a fair evaluation of plaintiff's breakthrough technology which has the potential to revolutionize the electric vehicle (EV) market by drastically reducing recharging times. (ECF No. 1 at 1.) Plaintiff alleges CalPERS publicly committed to investing $10 billion in climate technology initiatives focused on private market innovations but failed to properly evaluate plaintiff's company's technology. (Id. at 3.) Plaintiff alleges CalPERS misrepresented plaintiff's company as a pre-seed startup, blocked plaintiff's company from obtaining the necessary funding to fulfill orders from key clients like the California Department of General Services, and withheld full and accurate disclosure from its members, effectively depriving them of their right to choose between EV recharging systems. (Id. at 2-4.) CalPERS also failed to disclose its investment in a

competing EV company which constituted a conflict of interest that led to a biased and unfair evaluation. (Id. at 3-4.)

Plaintiff brings three causes of action as follows: Breach of Fiduciary Duty, Fraud and Misrepresentation, and Arbitrary and Capricious Conduct. (ECF No. at 4-5.) Plaintiff seeks damages, injunctive relief, and declaratory judgment. (Id. at 5.)

### III. DISCUSSION

The complaint states the basis for the court's jurisdiction is 28 U.S.C. §§ 1331 and 1343 because "the case involves federal law questions, including CalPERS' violation of federal securities regulations." (ECF No. 1 at 2.) However, the complaint contains no further allegations about any violations of federal securities regulations and this single, conclusory allegation is insufficient to invoke the court's subject matter jurisdiction.

District courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. An action "arises under" federal law where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983). Under the well-pleaded complaint rule, jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

A complaint purporting to rest on state law can be recharacterized as one "arising under" federal law if the law governing the complaint is exclusively federal, Vaden v. Discover Bank, 556 U.S. 49, 61-62 (2009), or if "some substantial, disputed question of federal law is a necessary element" of the state law claims, Rains v. Criterion Systems, Inc., 80 F.3d 339, 345 (9th Cir. 1996). Jurisdiction under such a theory, however, cannot be established where a plaintiff's state law claims are based on violations of both federal and state law, because, under such circumstances, "federal law is not a necessary element of the claim." Id. at 346; see also, e.g., Willy v. Coastal Corp., 855 F.2d 1160, 1169-71 (5th Cir. 1988) (complaint alleging wrongful

discharge was not removable where termination was based on plaintiff's refusal to act in violation of federal and state laws).

Plaintiff alleges merely that his claims involve federal law questions. Thus, the complaint's allegations do not establish that federal law is a necessary element of any claim or that a claim otherwise arises under federal law.

### IV.    CONCLUSION AND ORDER

The complaint must be dismissed, but plaintiff is granted leave to amend to attempt to remedy the defects described above and establish the court's jurisdiction over a federal claim. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect… a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). In the alternative, plaintiff may file a notice of voluntary dismissal which will terminate this action by operation of law.

For the reasons set forth above, IT IS ORDERED as follows:

1. Plaintiff's renewed request to proceed in forma pauperis (ECF No. 4) is granted.
2. Plaintiff's complaint (ECF No. 1) is dismissed for lack of subject matter jurisdiction with leave to amend.
3. Plaintiff is granted 30 days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  November 21, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, maca24cv2804.scrn