UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON MACALLISTER,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA PUBLIC EMPLOYEES' RETIREMENT SYSTEM,<br><br>Defendant. | No. 2:24-cv-2804-DAD-CKD (PS)<br><br><br>ORDER |

Plaintiff Don Macallister proceeds pro se and in forma pauperis[1] on a civil complaint seeking damages and injunctive relief against California Public Employees Retirement System ("CalPERS"). Plaintiff's first amended complaint ("FAC") is before the court for screening. (ECF No. 6.) The FAC must be dismissed, but plaintiff will be granted a further opportunity to amend.

**I.   SCREENING REQUIREMENT**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27

---

[1] Because plaintiff proceeds without counsel, this action is referred to the undersigned by Local Rule 302(c)(21) pursuant to 28 U.S.C. § 636.

1

(2000). In performing this screening, the court liberally construes a pro se plaintiff's pleadings. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987).

In addition, courts are required sua sponte to examine jurisdictional issues. Molski v. Arby's Huntington Beach, 359 F. Supp. 2d 938, 943 (C.D. Cal. 2005) (citing B.C. v. Plumas Unified School District, 192 F.3d 1260, 1264 (9th Cir. 1999).) Federal courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Insurance Co. Of America, 511 U.S. 375, 377 (1994). The presumption is against jurisdiction and "the burden of establishing the contrary rests upon the party asserting jurisdiction." Vacek v. U.S. Postal Serv., 447 F.3d 1248, 1250 (9th Cir. 2006) (citing Kokkonen, 511 U.S. at 377). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see Franklin v. State of Or., State Welfare Div., 662 F.2d 1337, 1342 (9th Cir. 1981) (court "may dismiss an action sua sponte for lack of jurisdiction").

## II.     PLAINTIFF'S ALLEGATIONS

Plaintiff is CEO of 5 Sec Recharging EVs Inc. (ECF No. 6 at 1.) Plaintiff's company signed Letters of Intent with federal agencies but cannot fulfill them because CalPERS misrepresented the company as a "pre-seed startup" and thereby denied plaintiff access to necessary funding. (Id. at 2.) CalPERS failed to evaluate plaintiff's technology and concealed its financial interests in competing technologies, thereby violating federal securities laws. (Id. at 2-3.) The FAC asserts four causes of action as follows: (1) Breach of Fiduciary Duty; (2) Violation of Federal Securities Laws; (3) Interference with Federal Procurement and Contracts; and (4) Fraud and Misrepresentation. (Id. at 3.) Plaintiff seeks damages, injunctive relief, and declaratory judgment. (Id. at 5.)

## III.    DISCUSSION

In screening plaintiff's original complaint by order dated November 21, 2024 (ECF No. 5), the court determined plaintiff's single, conclusory allegation of violations of federal securities regulations was insufficient to invoke the court's subject matter jurisdiction under 28 U.S.C. § 1331. (ECF No. 5.) Plaintiff now alleges "CalPERS breached its duty under the Securities and Exchange Act of 1934, including SEC Rule 10b-5, by failing to disclose its investment in

2

competing EV companies while misrepresenting its policies." (ECF No. 6 at 2.) Although plaintiff now alleges a distinct claim for violation of federal securities laws, the allegations fail to state a claim.

The heightened pleading requirements of Federal Rule of Civil Procedure 9(b) apply to securities fraud claims. Oregon Pub. Emps. Ret. Fund v. Apollo Grp. Inc., 774 F.3d 598, 605 (9th Cir. 2014) ("Rule 9(b) applies to all elements of a securities fraud action, including loss causation."). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). To satisfy this standard, a "complaint must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." Salameh v. Tarsadia Hotel, 726 F.3d 1124, 1133 (9th Cir. 2013) (quotation marks and citation omitted); Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) ("Federal Rule of Civil Procedure 9(b) requires… an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" (citation omitted)).

The FAC's conclusory allegations do not plead a securities fraud claim with sufficient particularity as required under Federal Rule of Civil Procedure 9(b). In addition, the FAC's other allegations about interference with federal interests are far too vague to present a federal question. An action "arises under" federal law where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983). Here, the FAC does not present a federal question on the face of a properly pleaded complaint. See Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Accordingly, the court lacks subject matter jurisdiction under 28 U.S.C. § 1331.

### IV.     CONCLUSION AND ORDER

The FAC must be dismissed. Plaintiff is, however, granted a further opportunity to amend. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect… a pro se litigant is entitled to notice of the complaint's

deficiencies and an opportunity to amend prior to dismissal of the action."). In the alternative, plaintiff may file a notice of voluntary dismissal which will terminate this action by operation of law.

For the reasons set forth above, IT IS ORDERED as follows:

1. Plaintiff's first amended complaint (ECF No. 6) is DISMISSED with leave to amend.
2. Plaintiff is granted 30 days from the date of service of this order to file a second amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: February 6, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, maca24cv2804.scrn.fac