UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON MACALLISTER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA PUBLIC EMPLOYEES' RETIREMENT SYSTEM,<br><br>　　　　Defendant. | No.  2:24-cv-2804-DAD-CKD (PS)<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

Plaintiff Don Macallister proceeds pro se and in forma pauperis[1] and seeks damages and injunctive relief against California Public Employees Retirement System ("CalPERS"). Plaintiff's second amended complaint ("SAC") is before the court for screening. (ECF No. 8.) The SAC fails to state a claim for relief and should be dismissed without further leave to amend.

**I.    SCREENING REQUIREMENT**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126-27

---

[1] Because plaintiff proceeds without counsel, this matter is referred to the undersigned by Local Rule 302(c)(21) pursuant to 28 U.S.C. § 636.

1

(2000). In performing this screening, the court liberally construes a pro se plaintiff's pleadings. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987).

## II.   Plaintiff's Allegations

On July 2, 2024, CalPERS CEO "publicly announced a $10 billion expansion into climate transition efforts, including 'new private market investments.'" (ECF No. 8 at 1.) Plaintiff is CEO of 5 Sec Recharging EVs Inc. (Id.) Upon plaintiff's inquiry requesting a private investment consideration for his company, the CalPERS Director of Climate Investments "falsely stated in a meeting with Macallister on August 16, 2024, that 'CalPERS does not invest directly in private companies.'" (Id. at 1-2.) This statement is contradicted by information on the CalPERS website which has since been removed. (Id. at 2.)

Instead of investing in plaintiff's company, CalPERS concealed its financial interests and invested instead in another company with outdated technology. (ECF No. 8 at 2-3.) By denying plaintiff's company access to funding, CalPERS caused harm to its prospective investors and to plaintiff's company. (Id. at 4.)

The SAC asserts four cases of action as follows: (1) Breach of Fiduciary Duty; (2) Violation of Federal Securities Laws (SEC Rule 10b-5); (3) Interference with Federal Procurement and Contracts; and (4) Fraud and Misrepresentation. (ECF No. 8 at 3.) Plaintiff seeks damages, injunctive relief, and declaratory judgment. (Id. at 4.)

## III.   Discussion

### A.   First Cause of Action

The SAC fails to state a claim for breach of fiduciary duty.  Breach of fiduciary duty under California law is a "species of tort distinct from a cause of action for professional negligence." Stanley v. Richmond, 35 Cal.App.4th 1070, 1086 (Cal. Ct. App. 1995). The elements of a cause of action for breach of fiduciary duty are: "(1) existence of a fiduciary duty; (2) breach of the fiduciary duty; and (3) damage proximately caused by the breach." Id.; see also Benasra v. Mitchell Silberberg & Knupp LLP, 123 Cal.App.4th 1179, 1183 (Cal. Ct. App. 2004).

Plaintiff alleges CalPERS has a fiduciary duty in its investment decisions. (ECF No. 8 at 2.) "Pension plans create a trust relationship between pensioner beneficiaries and the trustees of

2

pension funds who administer retirement benefits." Hittle v. Santa Barbara Cnty. Emps. Ret. Assn., 39 Cal. 3d 374, 392 (1985). "[T]he trustees must exercise their fiduciary trust in good faith and must deal fairly with the pensioners-beneficiaries." Id.; see also Richter v. Ausmus, No. 19-CV-08300-WHO, 2021 WL 580055, at *13 (N.D. Cal. Feb. 16, 2021) ("California courts have held that pension associations, their board members, and possibly other high-level administrators of pension funds owe a fiduciary duty to beneficiaries as well as employees applying for benefits.").

Here, plaintiff alleges his company sought private investment consideration from CalPERS, which breached a fiduciary duty by making a false statement to plaintiff in a meeting while concealing its financial interest in another electric vehicle company. Plaintiff does not allege he was a member or beneficiary of CalPERS. The SAC does not allege any facts suggesting defendant owed a fiduciary duty to plaintiff. Accordingly, the SAC fails to state a claim for breach of a fiduciary duty.

### B. Second Cause of Action

Plaintiff's claim for "Violation of Federal Securities Laws (SEC Rule 10b-5)" is similarly based on CalPERS' alleged concealment of a conflict of interest and making false statements to plaintiff about its investment policies. Rule 10b-5 applies to misleading statements made "in connection with the purchase or sale of any security.'" In re Atossa Genetics Inc Sec. Litig., 868 F.3d 784, 793 (9th Cir. 2017) (quoting 17 C.F.R. §240. 10b–5)).

"To state a claim for securities fraud under [Rule 10b-5], Plaintiffs must plead six elements: "(1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation." In re Atossa Genetics Inc Sec. Litig., 868 F.3d 784, 793 (9th Cir. 2017). As the court has previously informed plaintiff, the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) apply to fraud claims, including securities fraud claims. See Fed. R. Civ. P. 9(b); Oregon Pub. Emps. Ret. Fund v. Apollo Grp. Inc., 774 F.3d 598, 605 (9th Cir. 2014).

////

The SAC fails to state a securities fraud claim. The vague facts alleged do not show a material misrepresentation made in connection with the purchase of sale of a security. See In re Atossa Genetics Inc Sec. Litig., 868 F.3d at 794 ("to satisfy materiality, 'there must be a substantial likelihood that the disclosure of the omitted fact would have been viewed by the reasonable investor as having significantly altered the 'total mix' of information made available'") (quoting Basic Inc. v. Levinson, 485 U.S. 224, 231-32 (1988)). The alleged false statement made to plaintiff in a meeting that CalPERS does not invest directly in private companies does not satisfy materiality for a securities fraud claim.

Under the Private Securities Litigation Reform Act ("PLSRA"), a securities fraud complaint must identify each alleged misrepresentation, specify the reasons it is misleading, and state with particularity facts giving rise to a strong inference that the defendant who made the misrepresentation acted with fraudulent intent." Telllabs Inc. v. Makor Issues & Rights Ltd., 551 U.S. 308, 321 (2007). Here, the SAC identifies the single alleged false statement described above and does not state with particularity facts giving rise to a strong inference that the defendant who made the statement acted with fraudulent intent. Plaintiff's allegation that CalPERS was acting to conceal its financial interest in a competing company is a conclusion not based on specific facts alleged in the SAC. The SAC similarly fails to plead with particularity a connection between the alleged misrepresentation and the purchase or sale of a security, plaintiff's reliance upon the misrepresentation or omission, and loss causation. See Oregon Pub. Emps. Ret. Fund, 774 F.3d at 605 ("Rule 9(b) applies to all elements of a securities fraud action").

### C. Third and Fourth Causes of Action

The SAC's third cause of action titled "Interference with Federal Procurement & Contracts" alleges "CalPERS obstructed a U.S. military-backed innovation, delaying contracts that would have benefited national security, law enforcement, and first responders." (ECF No. 8 at 4.) The SAC's fourth cause of action titled "Fraud & Misrepresentation" alleges "CalPERS knowingly misrepresented its investment policies to wrongfully deny funding to a superior climate tech investment opportunity." (Id. at 4.)

////

    Plaintiff's third and fourth causes of action are insufficiently pleaded and fail to give fair notice of the legal theories on which they rest. Plaintiff's third and fourth causes of action also fail to state a claim. Moreover, and in further addition, state law claims, including claims for breach of contract, fraud, and negligent misrepresentation, do not provide a basis for federal question jurisdiction. See Kokkonen v. Guardian Life Insurance Co. Of America, 511 U.S. 375, 377 (1994) (Federal courts are courts of limited jurisdiction); Vacek v. U.S. Postal Serv., 447 F.3d 1248, 1250 (9th Cir. 2006) ("the burden of establishing [jurisdiction] rests upon the party asserting jurisdiction" (citing Kokkonen, 511 U.S. at 377). The jurisdictional basis pleaded in the SAC is federal question jurisdiction under 28 U.S.C. § 1331. (ECF No. 8 at 2.) Because the SAC fails to state a claim for Violation of Federal Securities Laws, or raise any other substantial question of federal law, see Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983), the court should decline to exercise supplemental jurisdiction over plaintiff's state-law claims. See 28 U.S.C. § 1367(a), (c)(3).

### D. Leave to Amend

    Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). Here, plaintiff has been given notice of the deficiencies in the allegations twice and has not been able to state a claim. It now clearly appears no cognizable federal claim can be stated based on the underlying facts alleged. Accordingly, the SAC should be dismissed without further leave to amend. See Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (although leave to amend should be freely granted, the court does not have to allow futile amendments).

### IV. Recommendation

    In accordance with the above, IT IS HEREBY RECOMMENDED as follows:

1. Plaintiff's second amended complaint (ECF No. 8) be dismissed without further leave to amend for failure to state a claim; and
2. The Clerk of Court be directed to close this case.

5

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 26, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, maca24cv2804.scrn.fr